USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-2-09

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
REGINALD ATKINSON,                  :

                Plaintiff,          :

     -against-                      :    01 Civ. 0761 (LAK)(HBP)

GLEN S. GOORD, et al.,              :

                Defendants.         :
-----------------------------------X
REGINALD ATKINSON,                  :

                Plaintiff,          :

     -against-                      :    03 Civ. 7759 (LAK)(HBP)

DONALD SELSKY, et al.,              :

                Defendants.         :    ORDER
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

      I write to resolve plaintiff's application to compel certain depositions in this prisoner civil rights action. For the reasons set forth below, plaintiff's application is granted in part, denied in part and denied in part without prejudice.

      These are civil rights actions in which plaintiff alleges that he was denied Due Process at prison disciplinary proceedings, subjected to multiple acts of retaliation for complaints about misconduct by corrections officers (including physical assaults by other inmates and corrections officers) and

subjected to cruel and unusual punishment. Several aspects of plaintiff's allegations are set forth in greater detail in two reports and recommendations that I issued on August 9 and August 18, 2004. Familiarity with these reports and recommendations is assumed.

Plaintiff seeks leave to conduct certain depositions beyond the presumptive limit of ten (10) depositions set forth in Fed.R.Civ.P. 30(a)(2)(A)(i).

In Sigala v. Spikouris, 00 CV 0983 (ILG), 2002 WL 721078 at *3 (E.D.N.Y. Mar. 7, 2002), the Court set forth the general principles relevant to a party's application to conduct more than ten (10) depositions:

> The Federal Rules presumptively limit the number of depositions that each side may conduct to ten. See Fed.R.Civ.P. 30(a)(2)(A) ("A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if . . . a proposed deposition would result in more than ten depositions being taken . . . ."); accord Universal City Studios v. Reimerdes, 104 F. Supp.2d 334, 342 (S.D.N.Y. 2000); Landry v. St. James Parish Sch. Bd., No. Civ. A 99-1438, 2000 WL 1741886, at *2 (E.D. La. Nov. 22, 2000). The purpose of Rule 30(a)(2)(A) is to "enable courts to maintain a 'tighter rein' on the extent of discovery and to minimize the potential cost of '[w]ide-ranging discovery' . . . ." Whittingham v. Amherst Coll., 163 F.R.D. 170, 171-72 (D. Mass. 1995) (citation omitted). Accordingly, "[t]he mere fact that many individuals may have discoverable information does not necessarily entitle a party to depose each such individual." Dixon v. Certainteed Corp., 164 F.R.D. 685, 692 (D. Kan. 1996).

See also Commodity Futures Trading Com'n v. Commodity Inv. Group, Inc., 05 Civ. 5741 (HB), 2005 WL 3030816 at *1 (S.D.N.Y. Nov. 10,

2005) ("Although a witness might have discoverable information, a party is not always entitled to depose that individual."). The factors relevant to determining whether a party should be entitled to more than ten depositions are now set forth in Fed.R.Civ.P. 26(b)(2)(C) and include whether (1) "the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less extensive," (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," and (3) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." See generally Gross v. Bare Escentuals, Inc., 03 Civ. 3089 (RLC), 2006 WL 3161386 at *1 (S.D.N.Y. Oct. 30, 2006).

With these general principles in mind, I address the specific depositions sought by plaintiff:

Alexis - Both sides agree that Alexis is, unfortunately, in a coma as a result of auto accident he suffered in 2005. Plaintiff's application to depose Alexis is denied without prejudice to renewal should Alexis recover sufficiently to be deposed.

<u>Goord, Artuz, Greiner and Selsky</u> - Defendants' principal objection to the depositions of these witnesses is that the witnesses are "high-ranking government officials" for whom plaintiff must make an "extremely high threshold showing" before depositions are ordered (Letter of Assistant Attorney General Daniel A. Schulze, dated February 17, 2005 at 4). See generally <u>Marisol A. v. Giuliani</u>, 95 Civ. 10533 (RJW), 1998 WL 132810 at *2 (S.D.N.Y. Mar. 23, 1998). Plaintiff claims that these witnesses should be deposed because they either had role in addressing plaintiff's grievances or allegedly failed to take action to prevent constitutional violations after being notified of the threatened violations through letters from plaintiff.

Of these four, Selsky is probably the most knowledgeable concerning the relevant facts of the case because the documentary evidence demonstrates that he was the individual who actually ruled on plaintiff's administrative appeal. Plaintiff does not suggest that any other witness has more knowledge concerning plaintiff's administrative appeal than Selsky has. Goord also appears to have unique knowledge based on plaintiff's allegation that he reviewed and denied certain of the judgments in plaintiff's disciplinary proceedings. Accordingly, I conclude that it is appropriate for plaintiff to depose Selsky and Goord. It appears that Greiner and Artuz's involvement was limited to receiving correspondence and telephone calls; given this appar-

4

ently minimal involvement, I believe it is unlikely that they will have relevant, non-cumulative information.

Accordingly, plaintiff's application for leave to depose Selsky and Goord is granted; his application to depose Artuz and Greiner is denied.

<u>Cousineau, Kenny, Kutus, Mattes, Miller, Nurse and Usher</u> - Plaintiff believes that these seven have knowledge concerning the assaults plaintiff suffered on January 24, 2001. Defendant argues that seven other individuals who allegedly participated in the January 24, 2001 assaults either have been or will be deposed and that the depositions of Cousineau, Kenny, Kutus, Mattes, Miller, Nurse and Usher will, therefore, be cumulative.

Plaintiff alleges that the assaults committed on January 24 were comprised of three separate episodes, each of which was allegedly committed by a different set of individuals. Specifically, plaintiff alleges that he was first assaulted in his cell by Nelson and Hewitt while Zigmant watched and did nothing. Second, plaintiff alleges that Nelson and Hewitt dragged him out of his cell where he was attacked by Mattes, Kenny, Kutus, Miller, Carlton and Cousin. Finally, plaintiff alleges that he was taken to a room in the clinic where Nunez and Nurse "joined in" the assault (Letter of Stuart N. Mast, Esq., dated February 23, 2005 at 5).

5

Although I agree with plaintiff that he is entitled to conduct deposition discovery with respect to all three of the episodes, I also agree with defendants and the authorities cited above that a party is not entitled to depose all the witnesses to a relevant event. One difficulty with plaintiff's application is that it appears that plaintiff has already conducted deposition discovery with respect to all aspects of the alleged January 24, 2001 assault. Although plaintiff has not expressly identified what witnesses he has already deposed, the fact that he is not now seeking the depositions of Nelson, Hewitt, Zigmant, Carlton, and Nunez leads me to conclude that he has already deposed these individuals. Since these individuals either participated in or witnessed all three phases of the alleged January 24 assault, it does appear that the testimony of Cousineau, Kenny, Kutus, Mattes, Miller, Nurse and Usher would be cumulative. Although plaintiff argues that each of his proffered deposition targets had their own unique vantage points and recollections, this truism applies in every case where there are multiple witnesses to the same event. If plaintiff's argument were sufficient to permit all such witnesses to be deposed, Rule 30(a)(2)(A)(i) would quickly become a dead letter.

Because it appears plaintiff has already deposed a number of individuals with knowledge of all relevant aspects of the events that allegedly occurred on January 24, I conclude that

Rule 30(a)(2)(A) places a burden on him to demonstrate that there is at least reason to believe that additional witness will shed new light on this case and that showing requires more than generalizations that are true in all cases. Since plaintiff has not shown reason to believe that Cousineau, Kenny, Kutus, Mattes, Miller, Nurse and Usher have information that has not already been adduced, plaintiff's application to take their depositions is denied. However, it would be unfair for defendants to claim that the deposition testimony of Cousineau, Kenny, Kutus, Mattes, Miller, Nurse and Usher is cumulative of discovery already conducted and then offer testimony at trial from these witness that is substantially different from the facts learned in discovery; if these witnesses have evidence that is materially different from the testimony provided by other witnesses, their testimony cannot be fairly characterized as cumulative. Accordingly, although I conclude that plaintiff's application to depose Cousineau, Kenny, Kutus, Mattes, Miller, Nurse and Usher should be denied, I also preclude defendants from offering testimony from these witnesses that materially differs from the testimony of the defense witnesses who have already been deposed concerning the assaults which allegedly occurred on January 24, 2001.

   <u>Schmitt and McCarthy</u> - Plaintiff alleges that Schmitt and McCarthy witnessed and encouraged an inmate's attack on plaintiff with a knife in November 1997. Because defendants have

offered the depositions of Bennett and Alexander who are also alleged to have been involved in the November 1997 attack, and plaintiff does not offer any reason to believe that Schmitt or McCarthy have additional, relevant facts,[1] their testimony would be cumulative, and plaintiff's application to depose them is denied. For the reasons stated above, defendants are also precluded from offering testimony from Schmitt or McCarthy that materially differs from the testimony of Bennett or Alexander concerning the November 1997 attack.

Nelson - Plaintiff alleges that Nelson's testimony is necessary because she was the hearing officer who allegedly denied him due process at a disciplinary hearing conducted in April 1999. Defendants oppose the deposition on the ground that they previously offered Nelson for deposition and that it is a burden for her to travel to New York to be deposed.

Obviously, the best record of what occurred at the April 1999 disciplinary proceeding would be a tape recording or transcript of that proceeding. It is my understanding, however, from other cases involving inmates in state custody that such a tangible record of prison disciplinary proceedings simply does not exist in most cases. Defendants do not claim that such a

---

[1] To the extent that plaintiff claims that documentary evidence establishes that Schmitt made "harassing statements" the day after the November 1997 assault (Letter of Stuart N. Mast, Esq., dated February 23, 2005 at 6), plaintiff already has evidence of the statements.

8

record exists here, nor do they dispute that Nelson has unique knowledge. Moreover, Nelson will, no doubt be able to testify concerning aspects of the disciplinary proceeding that are not reflected on any recordings that do exist.

Accordingly, plaintiff's application to conduct the deposition of Nelson is granted. Any burden on Nelson can be minimized by conducting her deposition at a location close to her residence. See generally 2 Michael C. Silberberg, Edward M. Spiro & Judith L. Mogul, Civil Practice in the Southern District of New York § 17:12 (2d ed. 2008) ("The deposition of a defendant generally will be conducted in the district where the defendant's residence, place of business, or place of employment is located.").

Rhynders - Rhynders is alleged to have sexually assaulted plaintiff as a result of plaintiff's reporting an earlier sexual assault by Rhynders. There do not appear to be any witnesses to the alleged incident other than plaintiff and Rhynders. Defendants' only objections to Rhynder's deposition relates to scheduling issues and the fact that the Eighth Amendment claim against Rhynders has been dismissed.

Given that the only witnesses to the alleged assault are plaintiff and Rhynders, Rhynder's testimony cannot be characterized as cumulative. To the extent that the deposition causes inconvenience to Rhynders, that inconvenience can be minimized by

9

deposing Rhynders at a location proximate to his residence or place of employment.

Accordingly, plaintiff's application to compel Rhynders' deposition is granted.

30(b)(6) Witness Regarding Inmate Grievance Program Documents - Defendants had opposed this aspect of plaintiff's application on the ground that they were producing a 30(b)(6) witness regarding documents at Green Haven, and that that witness would probably be knowledgeable concerning Inmate Grievance Program Documents. That witness, Ms. Loiodice, has now been deposed and, according to an uncontroverted representation by plaintiff's counsel, she lacked knowledge concerning Inmate Grievance Program Documents.

Thus, this aspect of plaintiff's application is also granted.

Summary - Accordingly, for all the foregoing reasons, plaintiff's application to take additional depositions is granted with respect to Selsky, Goord, Nelson, Rhynders and a 30(b)(6) witness concerning the Inmate Grievance Program Documents. Plaintiffs application is denied with respect to (1) Cousineau, Kenny, Kutus, Mattes, Miller, Nurse and Usher with the proviso that defendants are precluded from offering testimony from these witnesses that materially differs from the testimony of the defense witnesses who have already been deposed concerning the

assaults which allegedly occurred on January 24, 2001 and (2) Schmitt or McCarthy with the proviso that defendants are precluded from offering testimony from Schmitt or McCarthy that materially differs from the testimony of Bennett or Alexander concerning the November 1997 attack. Plaintiff's application is denied with respect to Artuz and Greiner and is denied without prejudice with respect to Alexis.

Dated:  New York, New York
        April 2, 2009

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Stuart N. Mast, Esq.
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York   10006-1470

Daniel A. Schulze, Esq.
Assistant Attorney General
State of New York
120 Broadway
New York, New York   10271-0332